**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4376**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SUSAN CARPENTER MASSE, a/k/a Susan Carpenter,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:14-cr-00016-JPJ-PMS-1)

Submitted: November 9, 2018                                      Decided: January 10, 2019

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frederick T. Heblich, Jr., Acting Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan Carpenter Masse appeals the district court's order revoking her supervised release and sentencing her to 24 months in prison. Masse argues on appeal that the sentence is unreasonable. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Masse does not contend that the sentence exceeds the applicable statutory maximum. The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether it is "plainly" so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [2012] factors." *Id.* at 207. "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its

2

conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Masse's sentence is procedurally and substantively reasonable. The court correctly identified her policy statement range, considered the relevant statutory factors and gave sufficiently detailed reasons for selecting a sentence above that range. Among other things, the court noted that Masse had proven on several occasions to be unable to abide by the terms of supervision. The court was concerned about her repeated breach of the court's trust, her chronic drug abuse, and the need to protect the public.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*